**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**KEVIN LYNN ELLIOTT**                                                                                          **PLAINTIFF**

**v.**                                                    **No. 3:16-CV-00324-JTK**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                                                         **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Kevin Elliott filed for social security disability benefits with an alleged onset date of August 23, 2012. (R. at 115). The administrative law judge (ALJ) denied his application after a hearing. (R. at 149). The Appeals Council remanded the case for further consideration of his mental impairments. (R. at 156–57). The ALJ again denied Elliott's application. (R. at 47). The Appeals Council declined Elliott's request for review. (R. at 1). Covington has requested judicial review, and the parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ found that Elliott had the severe impairments of degenerative disk disease of the lumbar spine, epilepsy, bipolar disorder, major depressive disorder, and borderline intellectual functioning. (R. at 36). The ALJ found that he had the residual functional capacity (RFC) to perform light work, except that he could not work with ladders, ropes, or scaffolds; could only occasionally perform the remaining postural functions, specifically climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; could not work around unprotected heights or hazards in the

1

workplace; could not do work requiring driving or operating dangerous machinery; would be limited to simple, routine, repetitive tasks; could perform unskilled work where interpersonal contact is incidental to the work performed and supervision is simple, direct, and concrete; and would be limited to SVP 1 or 2 jobs that can be learned within 30 days. (R. at 36). The ALJ took testimony from a vocational expert (VE) and determined that this RFC would not allow Elliott to return to his past relevant work. (R. at 45). However, the VE testified that the RFC would allow for such jobs as small product assembler or scale operator. (R. at 46). The ALJ therefore held that Elliott was not disabled. (R. at 25).

## II. Discussion

Elliott argues that the RFC does not properly account for his mental impairments because the ALJ improperly weighed the opinion of a consultative examiner. He also contends that the RFC exceeds the physical limitations in his medical records. As the Court holds the ALJ improperly weighed the opinion of the consultative examiner, it is not necessary to reach his other argument.

On review, this Court determines whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187.

The ALJ gave little weight to the opinion of consultative examiner Jerry Cunningham, Psy.D., stating that the opinion was "even more limiting tha[n] that of the claimant's own treating sources and inconsistent with the record as a whole." (R. at 45).

There are two large problems with the ALJ's analysis. The first is that Elliott's treating sources did not opine regarding his capacity to perform in a working environment, so it is not clear what limitations his treating sources would have placed on him. The second problem is that the ALJ does not explain how the opinion is inconsistent with the record as a whole.

Dr. Cunningham opined that Elliott "does not have the capacity to cope with the typical demands of basic work-like tasks." (R. at 956). He specifically noted that medications, poor social skills, and distortions of reality would complicate the work environment and that Elliott had an inadequate attention span and an inability to concentrate. (R. at 956). Elliott was admitted to Lakeside Behavior Health System for seven days in June 2013, where he was diagnosed with severe bipolar disorder with psychosis. (R. at 637). The Commissioner argues that this does not support a finding of disability because the stay was short and therefore does not reach the twelve-month durational requirement. The Commissioner's argument is misguided. While Elliott was only treated on an inpatient basis for approximately one week, there is no indication that his bipolar disorder was cured in that time. Indeed, the ALJ found his bipolar disorder a severe impairment, so this argument is without merit. (R. at 36).

There is some evidence that Elliott's condition has improved with medication. (R. at 810, 820). However, the reported improvements are not sufficient to show that Elliott can deal with work-like tasks. The Commissioner also argues that Elliott's symptoms of hallucinations, delusions, and difficulty with social interactions were not the result of objective findings by Dr. Cunningham. Nevertheless, Dr. Cunningham used his professional judgment and a full battery of tests to come to his conclusions. (R. at 949–59). It is difficult to imagine what other objective tests the Commissioner expects a

psychologist to perform to diagnose mental impairments. Clearly, there can be no x-ray or laboratory analysis to determine these symptoms. Dr. Cunningham saw no evidence of malingering and found the results of his tests to be valid. (R. at 956). The Commissioner notes that Elliott interacts with others to argue that his social interactions are not limited, but all of the Commissioner's examples merely indicate that Elliott has visits with family. (R. at 102, 299, 817, 832, 868, 880). All other inconsistencies identified by the Commissioner are similarly unconvincing. Furthermore, the ALJ did not identify any of these supposed inconsistencies, and this Court cannot uphold a decision for reasons not articulated by an agency where the agency fails to make necessary factual findings. *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001). The ALJ's decision must therefore be reversed.

### III. Conclusion

The ALJ improperly weighed the consultative examiner's opinion, and the decision is therefore not based on substantial evidence on the record as a whole. This case is therefore remanded to the Commissioner with instructions to develop the record as necessary and to reconsider the evidence of record and re-determine Elliott's RFC.

It is so ordered this 8th day of February, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE